UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| Michael Militello,<br>    Plaintiff<br><br>V<br><br>Bishop Guertin<br>  High School, Inc.<br>Defendant | Civil Action No. |

# COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

This is an action brought pursuant to the Americans With Disabilities Act, alleging that Plaintiff was terminated from his long-term guidance counselor position as a result of symptoms he experienced arising out of having Multiple Sclerosis even though he was able perform the essential duties of his job.

## PARTIES

1. Plaintiff Michael Militello is a resident of Hudson, New Hampshire.

2. Defendant Bishop Guertin High School, a private secondary school operated by the Brothers of the Sacred Heart, is located in Nashua, New Hampshire.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this District because all of the alleged actions occurred in the District of New Hampshire.

1

## **ALLEGATIONS COMMON TO ALL COUNTS**

5. Plaintiff was employed by the Defendant for 43 years. He began his employment as a teacher and then he became a guidance counselor.

6. He received excellent evaluations.

7. In 2014 he was selected as one of the New England Association for College Admission Counseling professionals of the year.

8. He was diagnosed with Multiple Sclerosis, relapsing/remitting, on or about 2009.

9. His medical condition substantially limits his major life activity of walking.

10. He was able to perform the essential functions of his position.

11. In January of 2014, Plaintiff was called into a meeting with Brother Mark Hilton, the President of Bishop Guertin, and with the head of the guidance department.

12. Brother Hilton expressed concerns to Plaintiff about his ability to walk safely, his ability to respond to an emergency, and the school's potential liability should he fall even though Plaintiff had never fallen at the school.

13. The Director of Guidance expressed her concern that Plaintiff's dignity could be compromised, and he should not wait for further deterioration in his condition before resigning.

14. Brother Hilton recommended that he apply for disability benefits.

15. Plaintiff interpreted Brother Hilton's statements to be a threat to his continued employment.

16. This caused Plaintiff stress and anxiety which made his physical symptomology worse.

17. The school adopted, what it referred to as "accommodations", not requested or required by the Plaintiff.

18. Plaintiff continued to accomplish the essential functions of his position.

19. On or about April 11, 2014, Plaintiff's spouse bought him an electric scooter for his birthday, and transported it to the school for his use.

20. Brother Hilton required and received from the Plaintiff a doctor's note authorizing use of the scooter at school.

21. Use of an electric scooter within the school was a reasonable accommodation.

22. On or about May 6, 2014, Brother Hilton prepared a memo expressing concern about Plaintiff's ability to participate in fire drills and otherwise respond to emergencies, alleging a potential safety issue, and concluding that "his contract will be held until further review is completed and it can more accurately reflect his abilities."

23. Plaintiff's medical condition did not create a threat to his safety or the safety of any other person.

24. On May 15, 2014, Brother Hilton informed Plaintiff that his contract would not be renewed because of his medical condition.

25. Defendant, through its agents, acted out of concern that Plaintiff's physical condition would reflect unfavorably on the image that the school wished to project rather than based on a medical evaluation of his capabilities to perform the essential functions of his position.

26. In follow up to being informed of his non-renewal, Plaintiff and his wife met with Brother Hilton on the morning of May 16, 2014.

27. At the meeting, Brother Hilton denounced the Plaintiff for using the scooter at school, and said his contract would not be renewed because of his illness.

28. Plaintiff asked Brother Hilton about part-time work. Brother Hilton responded that part-time work was a possibility but only as a volunteer.

29. Brother Hilton wrote a letter to the Plaintiff falsely alleging that he was not able to perform the essential functions of his position, and telling him to submit a request for accommodation within ten days.

30. The purpose of this letter was to create the false appearance that Plaintiff had not already been non-renewed because of his disability.

31. Defendant acted with intentional or reckless indifference to the Plaintiff's federally protected rights.

32. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission and received a Right to Sue letter on April 30, 2015.

## COUNT I

### Violation of Americans With Disabilities Act, 42 U.S.C. § 12112

33. Defendant discriminated against the Plaintiff on the basis of his disability through discharging him from his employment because of his medical condition even though he was able to accomplish the essential functions of his position with and without accommodation.

**WHEREFORE**, Plaintiff respectfully requests:

A. That he be reinstated;

B. That he be compensated for his wage and other financial losses;

C. That he be compensated for his non-financial losses.

D. That he be awarded prejudgment interest;

E. That he be award punitive damages;

F. That he be reimbursed for his reasonable attorney's fees and expenses; and

G. Such other relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Respectfully submitted,

MICHAEL MILITELLO

By His Attorneys:

BACKUS, MEYER & BRANCH, LLP

Dated:  July 23, 2015     By:     /s/ Jon Meyer

Jon Meyer, Esquire (NHBA # 1744)
Backus, Meyer and Branch, LLP
116 Lowell Street
P.O. Box 0516
Manchester, NH 03105-0516
603/668-7272
jmeyer@backusmeyer.com

**CERTIFICATE OF SERVICE**

I, Jon Meyer, hereby certify that the foregoing was served via e-mail to George R. Moore, Esq., counsel for Defendant.

Dated:  July 23, 2015     By:     /s/ Jon Meyer